LEADER-PICONE & YOUNG, LLP
MALCOLM LEADER-PICONE (*State Bar No. 104620*)
1970 BROADWAY, SUITE 1030
OAKLAND, CA 94612
TELEPHONE:  510-444-2404
FACSIMILE:  510-444-1291
EMAIL:    mlp@leader-picone.com

KIM & ASSOCIATES
JAMES J. KIM (*State Bar No.* 101809)
1970 BROADWAY, SUITE 1030
OAKLAND, CA 94612
TELEPHONE:  510-444-0709
FACSIMILE:  510-444-1291
EMAIL:    jkim@roklaw.com

Attorneys for Plaintiff
NORLAN PRUDENTE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| NORLAN PRUDENTE,<br><br>　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN JOAQUIN, and DOES ONE through TWENTY, inclusive,<br><br>　　Defendants. | Case No.<br><br>*Trial Date:     None Assigned*<br>**COMPLAINT FOR DAMAGES**<br>**UNDER 42 U.S.C. SECTION 1983**.<br><br>**DEMAND FOR JURY TRIAL** |

/ / / /

/ / / /

**COMPLAINT**

-1-

Plaintiff NORLAN PRUDENTE alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 as an action arising under the Constitution, law, or treaties of the United States; and pursuant to 28 U.S.C. § 1343(a)(3), federal civil rights jurisdiction. Plaintiff's claims arise under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367(a).

2. The transactions, matters and occurrences hereinafter alleged occurred entirely or in part in San Joaquin County in the Sacramento Division of the Eastern District of California, rendering this Court the proper venue for this action, pursuant to Local Rule 120(d) of the Eastern District of California.

## PARTIES

3. Plaintiff NORLAN PRUDENTE is a resident of Stockton, San Joaquin County, California.

4. Plaintiff is informed and believes and thereon alleges that, at all relevant times, defendant COUNTY OF SAN JOAQUIN is a government entity in the State of California ("County"), which operated and managed the San Joaquin County Jail where the incidents that are the subject matter of this action occurred ("County Jail"). COUNTY OF SAN JOAQUIN employed the two deputies who are named herein as DOE One and DOE Two.

5. Defendant DOE One, whose identity is unknown to plaintiff, was one of the deputies responsible for plaintiff while plaintiff was a prisoner in the County Jail. At all relevant times, Deputy DOE One was acting under the color of authority, in the scope of his employment with the COUNTY.

6. Defendant DOE Two was one of the deputies responsible for plaintiff while plaintiff was in custody. The identity of DOE 2 is not known to plaintiff, but he was known to plaintiff as the "NURSE" deputy. At all relevant times, Deputy DOE Two was acting under the color of authority, in the scope of his employment with the COUNTY.

**COMPLAINT**

7. Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does One through Twenty, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint when the true names and capacities of these defendants have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that, at all relevant times, all of the defendants, including those identified herein as Does One through Twenty, inclusive, was the servant, employee, principal, partner, joint venturer, and/or agent of each and every other defendant and, that in doing the acts alleged herein, each defendant was acting within the course and scope and authority of such employment, servitude, partnership, joint venture, and/or agency, with the full knowledge, consent and/or ratification of each and every other defendant.

## FACTUAL ALLEGATIONS

9. On the evening of September 21, 2019, following a traffic stop for purportedly speeding, plaintiff was arrested and taken into custody for suspected driving under the influence.

10. At the time of his arrest, the traffic officer removed and confiscated insulin and a syringe from plaintiff. Plaintiff was transported to County Jail.

11. At the jail, plaintiff's personal property were inventoried, including insulin and a syringe. Plaintiff informed Deputy DOE 1 that he was Type I diabetic and that he required his insulin medication to maintain functional blood sugar level.

12. Upon being processed, plaintiff asked Deputy DOE 1 for his insulin, as plaintiff knew that it was time for him to take a shot. Deputy DOE 1 refused to allow plaintiff to take his insulin but asked Deputy DOE 2, the nurse, to check on plaintiff.

13. Deputy DOE 2 drew blood from plaintiff which showed a dangerously high blood sugar reading of 274. Again, plaintiff begged for his insulin. Plaintiff told the nurse that a reading of 274 is considered "high" and that he needed insulin very badly. But the deputies, including the nurse, refused to administer or allow plaintiff to take his insulin shot. The deputies knew or should have known the dangerous risk of denying the needed insulin, especially when the reading was 274 and plaintiff had begged for insulin.

14. Plaintiff began to suffer dizziness, slurred speech and impaired hearing and speech. Plaintiff began to vomit. Plaintiff made another request for insulin. This was around 12:30 a.m., the morning after his arrest.

15. Around 2:00 a.m., plaintiff's sister called and spoke with one of the deputies. The deputy who spoke with plaintiff's sister said that plaintiff would surely receive his insulin, because the deputy was also a diabetic and knew the importance of getting insulin in a timely manner. Notwithstanding that assurance from the deputy to plaintiff's sister, plaintiff was not provided his insulin.

16. Plaintiff's condition continued to deteriorate. He continued to throw up; more than ten times.

17. Eventually plaintiff began to vomit up pure red blood. Plaintiff showed the bloody vomit to Deputy DOE 1, who brought plaintiff to the Deputy DOE 2, the nurse.

18. Deputy DOE 2 was shocked when he saw all the blood. Deputy DOE 2 said plaintiff needed to go the hospital…urgently.

19. Plaintiff was transported to the San Joaquin County Hospital. This was around 3:30 a.m., September 22, 2019. Plaintiff received an IV at San Joaquin General Hospital. Doctors gave plaintiff medications to stop the vomiting, but were not successful finding the proper diagnosis or treatment. So, plaintiff was transferred to the Intensive Care Unit at Modesto Kaiser.

20. Plaintiff was diagnosed as suffering Diabetic Keto Acidosis ("DKA"), because of the defendants deliberate indifference to the plaintiff's serious need for insulin.

21. For the next 5 days, plaintiff was in the ICU, fearing whether he would survive this ordeal, all caused by the defendants' unlawful denial of his insulin, in conscious disregard for plaintiff's medical necessities.

22. Plaintiff's throat and esophagus were "burned" from all the acid in the DKA vomit. Plaintiff's stomach was in knots and painful.

23. Plaintiff was unable to urinate and the doctors inserted catheter.

**COMPLAINT**

-4-

24. Plaintiff's symptoms continued even when he was sufficiently stabilized to be discharged on the evening of September 27, 2019.

25. For the following month after being discharged, plaintiff continued to suffer pain in his throat, chest and stomach. Plaintiff had difficulty eating and had poor appetite, caused by acid burns in his mouth and esophagus from DKA vomiting.

26. Defendants' actions were in complete disregard of plaintiff's well-being, in total, deliberate indifference to plaintiff's medical needs. But for defendants' wonton and reckless actions, plaintiff would not have suffered the injuries described above. Accordingly, plaintiff is entitled to seek punitive or exemplary damages according to proof.

27. Plaintiff has complied with the pre-filing requirements of California Government Code section 910 *et seq*. Pursuant to California Government Code section 815.2, defendant County is liable for the actions of its employees, Deputy Doe One and Doe Two, and possibly also Does Three through Twenty, for their violations of plaintiff's civil rights under both the U.S. and California Constitutions and California common law.

### **FIRST CLAIM FOR RELIEF**
(Violation of Fourth Amendment)

28. By this reference, plaintiff incorporates and realleges, as though fully set forth, the allegations of paragraphs 1 through 27, inclusive.

29. Defendants conduct and actions stated here-above violated plaintiff's constitutional civil right against unreasonable seizure conferred upon him under the Fourth Amendment to the U.S. Constitution.

30. Pursuant to 42 U.S.C. § 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

**COMPLAINT**

31.     At all relevant times, defendants were acting under color of law when they deprived plaintiff of his right to be free from unreasonable seizure. It is patently unreasonable to take a person into custody and then deny that person medical treatment.

32.     As a proximate result of defendants' deprivation of plaintiff's civil rights, plaintiff suffered actual injury when he was denied his insulin and suffered DKA, as hereinabove alleged.

33.     Plaintiff has suffered damages and losses, according to proof at trial.

34.     Because defendants' conduct as alleged herein was malicious and oppressive under California Civil Code section 3294, and reprehensible under federal common law, plaintiff may recover damages, in addition to its actual damages, for the sake of example and by way of punishing the defendants, in an amount according to proof at trial.

35.     In addition, plaintiff is entitled to an award of his attorney's fees and costs under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF
(Violation of Fifth Amendment)

36.     By this reference, plaintiff incorporates and realleges, as though fully set forth, the allegations of paragraphs 1 through 35, inclusive.

37.     Defendants conduct and actions stated here-above violated plaintiff's constitutional civil right to due process of law, conferred upon him under the Fifth Amendment to the U.S. Constitution.

38.     At all relevant times, defendants were acting under color of law when they deprived plaintiff of his right to due process of law. Defendants subjected plaintiff to cruel and unusual punishment without due process of law, when they deprived him of medical treatment, causing him severe physical pain and discomfort.

39.     As a proximate result of defendants' deprivation of plaintiff's civil rights, plaintiff suffered actual injury when he was denied his insulin and suffered DKA, as hereinabove alleged.

40. Plaintiff has suffered damages and losses, according to proof at trial.

41. Because defendants' conduct as alleged herein was malicious and oppressive under California Civil Code section 3294, and reprehensible under federal common law, plaintiff may recover damages, in addition to its actual damages, for the sake of example and by way of punishing the defendants, in an amount according to proof at trial.

42. In addition, plaintiff is entitled to an award of his attorney's fees and costs under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF
(Violation of Eighth Amendment)

43. By this reference, plaintiff incorporates and realleges, as though fully set forth, the allegations of paragraphs 1 through 42, inclusive.

44. At all relevant times, defendants were acting under color of law when they deprived plaintiff of his right to medical care. "'Deliberate indifference to serious medical needs of prisoners' violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[D]eliberate indifference to serious medical needs" of prisoners constitutes cruel and unusual punishment. *Id*. At 106. Defendants' refusal to provide plaintiff his insulin was a violation of plaintiff's rights under the Eighth Amendment.

45. As a proximate result of defendants' deprivation of plaintiff's civil rights, plaintiff suffered actual injury when he was denied his insulin and suffered DKA, as hereinabove alleged.

46. Plaintiff has suffered damages and losses, according to proof at trial.

47. Because defendants' conduct as alleged herein was malicious and oppressive under California Civil Code section 3294, and reprehensible under federal common law, plaintiff may recover damages, in addition to its actual damages, for the sake of example and by way of punishing the defendants, in an amount according to proof at trial.

48. In addition, plaintiff is entitled to an award of his attorney's fees and costs under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF
(Violation of California Civil Rights/Unruh Act)

49. By this reference, plaintiff incorporates and realleges, as though fully set forth, the allegations of paragraphs 1 through 48, inclusive.

50. The same conduct that constituted defendants' violations of plaintiff's federal civil rights, also constitute violations of plaintiff's corresponding civil rights under the California Constitution, including but not limited to: Article 1, sections 1, 7, 13, and 17; which are enforceable pursuant to California Civil Code section 51 *et seq.*, the Unruh Civil Rights Act.

51. As a proximate result of defendants' deprivation of plaintiff's civil rights, plaintiff suffered actual injury when he was denied his insulin and suffered DKA, as hereinabove alleged.

52. Plaintiff has suffered damages and losses, according to proof at trial.

53. Because defendants' conduct as alleged herein was malicious and oppressive under California Civil Code section 3294, plaintiff may recover damages, in addition to its actual damages, for the sake of example and by way of punishing the defendants, in an amount according to proof at trial.

54. In addition, plaintiff is entitled to an award of his attorney's fees and costs under the California Civil Code section 55.

## FIFTH CLAIM FOR RELIEF
(Negligence)

55. By this reference, plaintiff incorporates and realleges, as though fully set forth, the allegations of paragraphs 1 through 54, inclusive.

56. Defendants had a duty to exercise reasonable care in their interactions and incarceration of plaintiff. Defendants failed to exercise reasonable care in the actions as hereinbefore alleged.

57. As a proximate result of defendants' negligence, plaintiff suffered actual injury when he was denied his insulin and suffered DKA, as hereinabove alleged.

58. Plaintiff has suffered damages and losses, according to proof at trial.

## SIXTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

59. By this reference, plaintiff incorporates and realleges, as though fully set forth, the allegations of paragraphs 1 through 58, inclusive.

60. The conduct of defendants in depriving plaintiff of medical care, and denying plaintiff access to his insulin, as hereinbefore alleged, was outrageous, malicious and intended to, and did, inflict severe emotional distress and humiliation upon plaintiff.

61. As a proximate result of defendants' intentional infliction of emotional distress, plaintiff suffered actual injury, as hereinabove alleged.

62. Plaintiff has suffered damages and losses, according to proof at trial.

63. Because defendants' conduct as alleged herein was malicious and oppressive under California Civil Code section 3294, plaintiff may recover damages, in addition to its actual damages, for the sake of example and by way of punishing the defendants, in an amount according to proof at trial.

## DEMAND FOR JURY TRIAL

64. Plaintiff reserves his right to a jury trial of his claims, as applicable.

**WHEREFORE**, plaintiff demands relief against defendants on each claim for relief, as follows:

1. For general and compensatory damages, according to proof;
2. For exemplary and punitive damages, according to proof;
3. For attorney's fees and costs incurred in this action, according to proof;
4. For costs of suit herein; and,
5. For such other and further relief as the Court deems just and proper.

DATED: March 3, 2020.                    LEADER-PICONE & YOUNG, LLP

                                         BY: /s/ Malcolm Leader-Picone
                                              MALCOLM LEADER-PICONE

**COMPLAINT**

-9-